UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Western Division

| | |
|---|---|
| In Re:<br>Montgomery Farms, Inc.<br><br><br><br>Debtor(s) | BK No.: 14-82267<br><br>Chapter: 12<br>Honorable Thomas M. Lynch |

### FIFTH AND FINAL ORDER APPROVING USE OF CASH COLLATERAL

This matter coming on to be heard on the Motion of Montgomery Farms, Inc., Debtor and Debtor-in-Possession (hereinafter "Debtor"), for the authority to use cash collateral; due and proper notice having been give pursuant to the requirements of Section 363(c)(2) of the Bankruptcy Code and R4001 of the Federal Rules of Secured Bankruptcy Procedure; the court having examined the foregoing Motion; and the Court being fully advised in the premises, and having conducted a hearing on the need for use of cash collateral:

THE DEBTOR STIPULATES AS FOLLOWS:

1. This case was commenced on July 23, 2014 when the Debtor filed a voluntary petition under Chapter 12 of the Bankruptcy Code. No trustee has been appointed. The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. The Debtor acknowledges, that there exists a valid lien upon the assets of the Debtor as of the date of the filing of the petition herein, and the cash proceeds thereof by (A) 1st Farm Credit Services (the "Secured Creditor") who holds a security interest in all the assets of the Debtor by way of a lien duly filed of which the approximate amount of $1,121,570.00 is still due and owing. In addition, Hintzsche Fertilizer claim a lien in the approximate sum of $235,000.00.

3. An immediate need exists for the Debtor to use the Pre-petition Collateral, including, but not limited to, the cash collateral outlined above in the motion to continue its business operations.

4. The Debtor is unable to obtain, on an immediate basis, credit allowable under 11 U.S.C. §503(b) and/or §364(a).

5. The Secured Creditors are unwilling to permit the use of any of their Pre-Petition Collateral, including their cash collateral, without the protection afforded by U.S.C. §364(c)(1), (c)(2) and (c)(3), and Debtor is unable to acquire credit on any terms which are more favorable.

6. The Debtor has provided such notice to creditors and other parties as was practicable under the circumstances.

7. The actual notice issued regarding the subject motion was appropriate for the circumstances of this case in that a reasonable opportunity for a hearing has been afforded all parties;

8. Cause has been shown for the entry of this Order. Among other things, entry of this Order will allow debtor to complete the harvest of the 2014 crop without interruption and maximize the recovery of funds for the Liquidating Plan, and is in the best interest of the Debtor, its creditors and its estate.

Based upon the foregoing, IT IS HEREBY ORDERED AS FOLLOWS:

I. For cause shown, the notice period of this Motion is Shortened to the period provided by Debtor. The Secured Creditors shall be secured by a lien to the same extent, priority and validity as existed prior to the Petition date; that the Secured Creditors shall receive a security interest in and replacement lien upon all of the Debtor's now existing or hereafter acquired property, real or personal, whether in existence before or after the Petition Date including, without limitation, accounts receivable, inventory, machinery and equipment, and the proceeds and products thereof, to the extent actually used and for the diminution, if any, in the value of the Secured Creditors respective collateral securing all indebtedness of the Debtor to the Secured Creditors, respectively, which replacement lien shall have the same lien priority as existed with respect to the pre-petition valid liens of record of the Secured Creditors.

II. The liens granted hereinabove shall be valid, perfected, and enforceable without any further action by the Debtor and/or the Secured Creditors, and need not be separately documented.

III. In addition to and as a supplement to the foregoing protections, Debtor shall maintain insurance covering the full value of all collateral, and shall permit on site inspection of such collateral, policies of insurance, and financial statements, including, but not limited to, monthly operating reports, upon reasonable notice by secured party, during normal business hours. The debtor agrees that no funds shall be expended for repairs unless deemed reasonably necessary by its auctioneer to obtain a higher price on the equipment at auction.

IV. The Debtor shall maintain a separate operating account, which account shall be entitled "Debtor-in-Possession Account", the Debtor shall deposit and maintain all cash and all proceeds of crops, equipment sales, accounts receivable, inventory, contract rights, and general intangibles in said account. Debtor shall use cash collateral only within the dollar amounts and purposes stated in the budget (Exhibit "A").

V. A copy of any Plan of Reorganization proposed by the Debtor, a copy of each monthly operating report, and notice of all matters which might affect The Secured Creditors' secured position or the ultimate collect ability of its claim herein shall be timely mailed to The Secured Creditors.

VI. In the event the Debtor fails to fully comply with the terms of the Order, and/or in the event that Debtor is deemed "late" with regard to any monthly payment of adequate protection, the Secured Creditors shall be entitled to a full hearing, on 7 days' notice to Debtor's counsel, the Office of the United States Trustee, on stay modification as provided by 11 U.S.C. §362(a).

VII. The United States Trustee, all other creditors claiming a security interest in property of the estate, and the 20 largest unsecured creditors shall immediately be mailed copies of this Order. If any or all of the provisions of the Order are hereinafter modified or vacation shall not affect the validity of any debt incurred or replacement lien granted pursuant to this Order.

VIII. This Order shall be effective retroactive to February 1, 2015.

IX. Any objections to this Order shall be in writing and shall be served upon the attorney for the Debtor, the Secured Creditor, and the Office of the Chapter 12 Trustee, at the addresses hereinafter referenced:

Lydia Meyer
Chapter 12 Trustee
PO Box 14127
Rockford, IL 61150-4127

Attorney for the Debtor
Richard G. Larsen
Springer Brown, LLC
400 S. County Farm Rd., St. 330
Wheaton, IL 60187

Attorney for John Deere Financial
Michael G. Schultz
Reno & Zahm LLP
2902 McFarland Road
Suite 400
Rockford, IL 61008

Attorney for First Farm Credit
James L. Wright
Zanck, Coen & Wright, PC
40 Brink Street
Crystal Lake, IL 60014

Attorney for Hintzsche Fertilizer
Jeffrey Lewis
Klein Stoddard Buck & Lewis
2045 Aberdeen Ct
Sycamore, IL 60178

Attorney for JBM Hammer, LLC
Steve Jakubowski
Robbins, Salomon & Patt, LTD
180 N. LaSalle St.
Suite 3300
Chicago, IL 60601

Attorney for Beck's Superior Hybrids, Inc.
Alice A. O'Brien
Alice A. O'Brien, P.C.
26 Point lane
Arcadia, IN 46030

XI. This Court finds and orders that this is a core proceeding under 28 U.S.C. §157(b)(2)(D), and this Order shall be an Interim Order fully effective upon its entry this Court.

Enter:

Dated: FEB 09 2015

United States Bankruptcy Judge

**Prepared by:**

Richard G. Larsen
Springer Brown, LLC
400 S. County Farm Road
Suite 330
Wheaton, IL 60187
630-510-0000
rlarsen@springerbrown.com

Rev: 20130104_bko

## MONTGOMERY FARMS

**Budget**
**2-1/2015 – 3/30/2015**

| | |
|---|---|
| Insurance | $ 4,000.00 |
| Utilities | $ 1,400.00 |
| Fuel | $ 2,000.00 |
| Salary | $16,666.66 |
| Repairs | $10,000.00 |
| | |
| TOTAL | $34,066.66 |

Exhibit A